No. 2319.—The State ex rel. Mitchell, Craig & Co. *v.* The Judge of the Sixth District Court for the Parish of Orleans.

An appeal bond is valid if each of the sureties bind himself for half the entire amount.

The decision in the case of the State ex rel. Roman *v.* Judge of the Sixth District Court parish of Orleans (ante page 443) reaffirmed.

The Supreme Court will examine into the validity, and sufficiency of the security on the appeal bond on an application for a prohibition; and if the bond is legal in form, and the security good and solvent, the prohibition will issue pending the appeal.

APPLICATION for a Writ of Prohibition. *Hornor & Benedict,* for relators. *W. H. Cooley,* J., in *pro. per.*

Wyly, J. This is an application for a writ of prohibition to restrain the Sixth District Court from executing the judgment styled J. R.

Wolf, by his agents, etc., v. Mitchell, Craig & Co., from which judgment a suspensive appeal has been taken to this court.

The relators aver that their said appeal has been wrongfully dismissed for insufficiency of the appeal bond, and their property has been seized under an execution issuing from said court, although divested of jurisdiction by virtue of said suspensive appeal.

The question to consider is, is the appeal bond good and solvent, and such as the law requires?

That the sureties bound themselves each for half the entire amount of the bond does not invalidate it. 21 A. 443.

The sureties are Sampson Bros., and William and James McCracken, two commercial firms of this city who, the evidence shows, are perfectly good and solvent. James McCracken signed the name of the firm to the bond with the authority of his brother and partner, William McCracken.

The firm name of Sampson Bros. was signed by Chandler Sampson. It is in proof also that he is individually worth over and above all his liabilities the amount for which he bound the name of the firm. If he had no authority to bind his brother and partner, at least he bound himself.

We consider the bond perfectly good and sufficient.

It is therefore ordered that the writ of prohibition be granted, and that the Judge of the Sixth District Court and J. R. Wolf be prohibited from proceeding in the case of J. R. Wolf by his agent, etc., v. Mitchell, Craig & Co., during the pending of the suspensive appeal therein.